UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN R. PHELPS,

        Plaintiff,

v.                                                        Case No. 3:23-cv-301-BJD-JBT

FNU KIMBRELL,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Steven R. Phelps, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.). He paid the filing fee and has filed multiple motions seeking an extension of time to serve the sole Defendant (Docs. 11, 13, 14, 15). Plaintiff alleges Defendant Kimbrell, who is a plumber or maintenance worker at the prison, "subjected [him] to psychological sexual harassment" by making inappropriate sexual comments and gestures on one occasion. *See* Compl. at 2, 6. Plaintiff understood Defendant Kimbrell to be asking for sexual favors in exchange for fixing the hot water in Plaintiff's cell. *Id.* at 6. He contends the single encounter violated his rights under the Fourth, Eighth, and Fourteenth Amendments and caused him to suffer "[s]exual abuse trauma syndrome." *Id.* at 3-4, 6-7.

Even when a prisoner is not proceeding *in forma pauperis*, the Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's

allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. The conduct Plaintiff describes, while unprofessional and certainly inappropriate, is not a constitutional violation. He complains of an isolated incident of verbal abuse. "[V]erbal abuse alone is insufficient to state a constitutional claim." *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008). *See also Nelson v. Lewis*, No. 3:20-cv-236-WHA, 2020 WL 3980229, at *3 (M.D. Ala. June 15, 2020), *report and recommendation adopted*, 2020 WL 3971918 (M.D. Ala. July 14, 2020) ("Although 'sexual abuse of a prisoner . . . may in some circumstances violate the prisoner's [constitutional] right[s][,]'" such constitutional protections do not necessarily extend to mere verbal sexual harassment." (second and third alterations in original) (citation omitted)).

Plaintiff does not allege Defendant Kimbrell carried out his threats or taunts or forced Plaintiff to engage in unwanted sexual conduct. *See* Compl. at 6. He also does not allege Defendant Kimbrell subjected him to "severe or

3

repetitive sexual abuse" such that Plaintiff was exposed to unconstitutional conditions of confinement. *See Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) ("[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment."), *abrogated in part by Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Nor does Plaintiff allege he was forced to expose his genitals. *Cf. Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993) (holding that prisoners have a "constitutional right to bodily privacy").

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of August 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Steven R. Phelps